ANTHONY G. VAUTRINOT, complainant,

*v.*

HAROLD BOOTH and ARMENA S. BOOTH, defendants-appellants,

WILLIAM ALEXANDER and ADOLPH G. MORGANWECK, defendants-respondents.

[Argued May 22d, 1929.   Decided October 14th, 1929.]

*Mr. Alfred T. Glenn, Jr.,* for the complainant.

*Mr. John D. McMullen,* for the appellants.

*Messrs. Albert C. Abbott* and *Emerson Richards,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

The bill in this case was filed for the purpose of compelling the defendants to interplead and settle their respective rights and claims to a fund of $5,000, held in escrow by the complainant, under the provisions of a certain contract wherein the defendants were the parties.   An interlocutory decree was made that the defendants interplead, and the case then proceeded to final hearing.

The appellants, Harold Booth and Armena S. Booth, his wife, on March 3d, 1926, entered into a written agreement with William Alexander, one of the respondents, for the sale and purchase of land situated in Pomona, Atlantic county, which by its terms provided that the appellants would convey to Alexander the premises therein described, by deed of general warranty, free from all encumbrances, on or before August 2d, 1926, in consideration of the payment of $75,000. Upon the execution of the contract, the sum of $5,000 was deposited by the vendee with Anthony G. Vautrinot, the complainant in this cause, who was to hold said fund in escrow, for the parties to the agreement. The contract further provided that: "Title to be such as will be insurable and guaranteed, without any exceptions, by any one of the title companies of Atlantic City, where settlement will be made, on or before August 2d, 1926, at two P. M. * * * and if the title is not insurable by any one of the title companies of Atlantic City, without any exceptions, the deposit of $5,000 is to be returned to the said party of the second part without any claim for damages to either party."

After the execution of the contract, the vendee, Alexander, caused an application to be made to the Chelsea Title Company, of Atlantic City, for a title policy; and on August 2d, 1926, all parties to the agreement met at the office of the title company, for the purpose of closing title. The appellants produced and offered to deliver a general warranty deed, and the vendee, Alexander, was ready to take title, providing the title company would insure and guarantee same free from any exceptions, which it refused to do, because of a public right of way crossing the land, as indicated on a map of the Gloucester Farm and Town Association, a former owner, on file in the Atlantic county clerk's office; and would issue no policy unless it contained what was designated in the policy as exception No. 2, which specified "rights of way, not of record." The vendee then demanded the return of his deposit, and refused to make settlement for the property, as appellants had not tendered a title that was insurable and guaranteed, without any exceptions, as provided by the contract.

The vendee, Alexander, subsequently assigned in writing all his right, title and interest in the agreement to Adolph G. Morganweck, the other respondent in the case.

On September 18th, 1926, the appellants caused an ordinance to be passed by the township committee of Galloway township, wherein Pomona is situated, vacating the public right of way shown on the Gloucester Farm and Town Association map; and on September 28th, 1926, the attorney for the appellants sent a communication to both the respondents, stating that fact, and that he had arranged with the title company to fix September 30th, 1926, as the date for settlement. The respondent, Morganweck, called at the title company's office, as requested, but states that he did so only for the purpose of demanding the return of the $5,000 deposit. However, it appears that the appellants could not at that time give title in accordance with the contract, as the title company still refused to issue a title policy, unless it contained exception No. 2, relating to rights of way, not of record. It further appears, that on November 20th, 1926, the appellants caused another ordinance to be passed by the Galloway township committee, vacating any and all roads or rights of way crossing the land in question. The appellant's attorney again notified the title company and the attorney for the respondents of such action, but it does not appear that any further negotiations were had between the parties.

The learned vice-chancellor concluded, that the fund of $5,000 paid into court by the complainant was the property of the respondent, Morganweck, and advised a decree accordingly, from which this appeal is taken.

The principal contention of the appellant is that time was not of the essence of the contract, and by reason of the several rights of way having been vacated by the action of the township committee, the last ordinance being passed on November 20th, 1926, or nearly four months after the date fixed for settlement, that they had conformed with the terms of the contract, and were entitled to the fund which had been deposited with the complainant.

It is true that time was not of the essence of the contract itself, but subsequent to the execution thereof, it was made so by the act of the appellants, whose attorney, on the 28th day of July, 1926, sent a communication to the respondent, Alexander, reading in part as follows: "I am writing this letter on behalf of Harold Booth and wife of Pomona. Under your agreement of March 3d, 1926, final settlement for the Booth farm is due on or before Monday, August 2d, next, at two P. M. * * * and hereby notify you formally of our intention to hold you to your agreement." Time was made of the essence by this communication, and it was the privilege of either the appellants, or Alexander, to put an end to the contract, on August 2d, 1926, which Alexander did; and the mere fact that Morganweck, who afterward purchased Alexander's interest in the contract, attended a meeting of the parties, on September 30th, 1926, called and arranged for solely by the appellants' attorney, did not revive the contract, and if it did, the appellants were in no better position then than they were on August 2d, 1926, as the title company still refused to issue a policy of the character required by the contract.

As a general rule, in equity, time is not of the essence of a contract for the sale of lands, but may become of the essence, either by being made so by the contract itself, or by express notice given, requiring the contract to be closed or rescinded at a stated time, which must be a reasonable time, according to the circumstances of the case. *King* v. *Ruckman, 20 N. J. Eq. 316.*

Even if the contention of the appellants was sound, that time had not become of the essence of the contract, either by the contract itself, or by any act of the parties, and by reason thereof, the time for performance should be extended until the passage of the last ordinance; the fact still remains, that there was no evidence submitted to show that the appellants were at any time in a position to tender such title as was required by the contract, or that the title company would have excluded the exception relating to rights of way, not of record; and until this was done, we cannot conceive on what

theory the appellants would have any claim upon the deposit held by the complainant, as one of the stipulations of the contract provided that if the title could not be insured without any exceptions, the deposit was to be returned to Alexander, the vendee, and the parties were bound by the decision of the title company, in the absence of fraud, and there is no claim of this nature made by the appellants.

The decree appealed from will be affirmed.

*For affirmance*—The Chief-Justice, Parker, Kalisch, Black, Campbell, Lloyd, Case, Bodine, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 14.

*For reversal*—None.