20 N.J. Super. 517 (1952)
90 A.2d 515
DOROTHY B. MACKENZIE, PLAINTIFF-RESPONDENT,
v.
JOHN R. McLEAN AND ANGELINE McLEAN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1952.
Decided July 25, 1952.
*518 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Irvin M. Lichtenstein argued the cause for appellants (Mr. Benjamin J. Dzick and Mr. Philip G. Steel, attorneys; Mr. Irvin M. Lichtenstein, of counsel).
Mr. Benjamin Asbell, attorney, argued the cause for respondent.
The opinion of the court was delivered by GOLDMANN, J.A.D.
Plaintiff and defendants entered into an agreement on October 16, 1950 whereby plaintiff agreed to purchase and defendants to sell certain real estate in Pennsauken Township, New Jersey, together with the restaurant and tavern business conducted thereon, for the sum of *519 $28,000. The agreement required a money deposit of $3,000 and contained the following clause:
"The title to be delivered shall be a marketable title and one that will be insurable by a recognized title company.
In the event that such title cannot be made as above set forth and the Buyer is unwilling to accept such title as the Sellers can make, then at the Buyer's option, the payments made on account shall be returned to the Buyer, together with the reasonable expenses of examining the title."
The parties met at the offices of Lawyers' Title Insurance Corporation, Camden, New Jersey, on November 16, 1950, in accordance with the terms of the agreement, for the purpose of settlement. At that time plaintiff refused to accept the tendered deed for the real property and the transfer of title to the other business assets because the title company, admittedly a "recognized title company," refused to insure the title without reserving the exception about to be mentioned.
Defendants had through their attorney also tried to obtain an insured title with the Market Street Title Abstract Company, another recognized title company, but it would only insure against actual loss by virtue of the restrictions being violated; it would not insure the title outright without reference to the restrictions.
The property in question was made up of four tracts, the first and fourth of which were conveyed in 1924 and 1925 by deeds subsequently recorded and containing, among other restrictions, the following:
"That no part of said premises nor any construction thereon shall be used, occupied, employed, erected or maintained (1) for the storage, manufacture or sale of intoxicating liquors, * * *."
Defendants became the owners of the property in 1950. A tavern had been operated on the premises since 1933, Pennsauken Township having annually issued a plenary retail distribution license for the business.
*520 By reason of defendants' failure to deliver a marketable title and one that was insured by a recognized title company, plaintiff demanded the return of her deposit money of $3,000. She subsequently instituted this action for the recovery of the deposit, with interest and costs. At the conclusion of the trial the trial judge, sitting without a jury, awarded judgment in favor of the plaintiff. Defendants appeal.
The sole question here is whether plaintiff is entitled to recover her deposit money, defendants having failed to comply with their agreement to deliver "a marketable title and one that will be insurable by a recognized title company." The validity of such a stipulation is beyond dispute, and where the parties have so agreed they are bound, in the absence of fraud. Brinn v. The Mennen Co., 4 N.J. 610, 615 (1950), affirming 5 N.J. Super. 582 (Ch. Div. 1949); 55 Am. Jur., Vendor and Purchaser, § 165, p. 635; 57 A.L.R. 1322. There is no claim of fraud in this case.
In Love v. Fetters, 98 N.J.L. 784 (E. & A. 1923), the agreement for the sale of real estate provided that the property was to be "`clear of all encumbrance and such as the Ocean City Title and Trust Company will insure, subject to their regular printed exceptions and also the reservations and restrictions of the Ocean City Association,'" etc. The title company would not insure without qualification (except for its regular printed exceptions and the reservations and restrictions mentioned). In affirming judgment for the vendee the court held that he "was not contracting for a marketable title in the ordinary sense; he was stipulating for a title which the local company would insure, so that he could turn over the policy to a mortgagee or a purchaser."
Defendants bound themselves to furnish more than a merely marketable title. They were unable to tender a title "insurable by a recognized title company," and plaintiff was therefore entitled to the return of the deposit money paid. Brinn v. The Mennen Co. and Love v. Fetters, above; Vautrinot v. Booth, 105 N.J. Eq. 211 (E. & A. 1929).
*521 Defendants point to a prior clause in the agreement requiring them to deliver a special warranty deed to the plaintiff and argue that this provision controls; that "the test to determine the marketability and the insurability of the vendors' title must be determined on the basis of a special warranty deed and none other." No law is cited in support of this proposition and it is without merit. The grantor in a special warranty deed covenants that he, his heirs and personal representatives, "will forever warrant and defend the said property unto the grantee, his heirs, personal representatives and assigns, against the claims and demands of the grantor and all persons claiming or to claim by, through, or under him." R.S. 46:4-8. Such special warranty is an entirely different undertaking from an agreement that the title to be delivered shall be marketable and one that is insurable by a recognized title company. There is no reason why the parties here could not agree that the vendor would (1) give a special warranty deed and (2) in addition, deliver a title both marketable and insurable. The first undertaking is not inconsistent with, and does not control or cancel out, the second.
Appellants seek to bolster their position by arguing that the restriction against the premises being used for the storage, manufacture or sale of intoxicating liquors may no longer be enforceable because there has been a tavern there since 1933. The simple question remains, however, whether a recognized title company would insure the title, not whether the restriction can still be enforced. The plaintiff is not obliged to expose herself to the hazard of a law suit. Cf. LaCourse v. Kiesel, 366 Pa. 385, 77 A.2d 877 (Sup. Ct. 1951).
Judgment affirmed, with costs.